## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**JARVIS BROWN (#710737)**                                                    **CIVIL ACTION**

**VERSUS**

                                                                              **20-410-BAJ-SDJ**

**JAMES LEBLANC, ET AL.**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on January 3, 2022.

                                                              _____
                                                              **SCOTT D. JOHNSON**
                                                              **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**JARVIS BROWN (#710737)**                                     **CIVIL ACTION**

**VERSUS**

**JAMES LEBLANC, ET AL.**                                     **20-410-BAJ-SDJ**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* Plaintiff, a person confined at the Louisiana State Penitentiary ("LSP"), filed this proceeding pursuant to 42 U.S.C. § 1983 against several Defendants, complaining that his constitutional rights have been violated due to excessive use of force.

The Defendants in this matter have not been served, and no action on the part of the plaintiff to effectuate service appears in the record. Pursuant to the requirements of Rule 4(m) of the Federal Rules of Civil Procedure, failure to serve a defendant within 90 days of commencement of an action is cause for dismissal of that defendant from the proceeding. Although a *pro se* plaintiff may rely on service by the U.S. Marshal if requested, he may not remain silent and do nothing to request or effectuate such service.

On October 19, 2021, Plaintiff was ordered to show cause[1] in writing why his claims against Defendants should not be dismissed for failure to serve Defendants within the time allowed by Rule 4. Plaintiff was specifically informed that, although he may rely on service by the U.S. Marshal if requested, he may not remain silent and do nothing to effectuate such service. *See* R. Doc. 7.

---

[1] Plaintiff was also ordered to show cause, in writing, why his claims should not be dismissed for failure to prosecute pursuant to Local Rule 41(b)(1)(C), which provides that an action may be dismissed "where a cause has been pending for six months without proceedings being taken within such period." *See* R. Doc. 7. Plaintiff has also not responded in this regard.

Plaintiff failed to respond to the Court's show cause order and has not taken any other action to accomplish service. As such, Plaintiff's claims should be dismissed.

## RECOMMENDATION

It is recommended that this action be dismissed, without prejudice, for failure of Plaintiff to serve Defendants as required by Federal Rule of Civil Procedure 4(m).

Signed in Baton Rouge, Louisiana, on January 3, 2022.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**